**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0395-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHNEL D. DUNLAP,

     Defendant-Appellant.

_____

Argued October 16, 2018 – Decided December 28, 2018

Before Judges Yannotti and Rothstadt.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 10-07-0983 and 10-07-0995.

Annette Verdesco argued the cause for appellant (The Anthony Pope Law Firm, PC, attorneys; Annette Verdesco, on the briefs).

Joie D. Piderit, Assistant Prosecutor, argued the cause for respondent (Andrew C. Carey, Middlesex County Prosecutor, attorney; Susan Lynn Berkow, Special Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Johnel Dunlap, appeals from the denial of his petition for post-conviction relief ("PCR") without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant pled guilty on September 27, 2012, to first-degree leading a narcotics trafficking network, N.J.S.A. 2C:35-3, and second-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(b). Prior to pleading guilty, defendant was represented by Richard Roberts, Esq. who filed unsuccessful motions to suppress evidence and to dismiss the indictment. After the trial court denied those motions, defendant became dissatisfied with Roberts and, more than a month before a scheduled trial date, retained Kenyatta Stewart, Esq. to represent him.

Although defendant retained Stewart, the trial court would not relieve Roberts at that late date but allowed Stewart to appear as co-counsel. Also, at a pre-trial conference held on September 21, 2012, the court made clear that defendant's attorneys were free to file a motion to reopen the suppression hearing if new evidence was obtained. Despite that opportunity, neither Roberts nor Stewart filed any motions and instead, Stewart negotiated the plea agreement with the State that led to defendant pleading guilty. On November 15, 2012, the

A-0395-17T3

court sentenced defendant in accordance with his plea agreement to an aggregate thirty years in prison with a fifteen-year period of parole ineligibility.

Defendant appealed his conviction and sentence. We affirmed in an unpublished opinion. State v. Dunlap, No. A-4298-12 (App. Div. Jan. 19, 2016). The Supreme Court denied defendant's petition for certification. State v. Dunlap, 227 N.J. 221 (2016).

The facts underlying defendant's convictions are set forth in our prior opinion and need not be repeated here. See Dunlap, No. A-4298-12, slip op. at 5-8. In his appeal from his conviction, defendant argued that the trial court erred in denying his motion to dismiss the indictment. In our opinion, we adhered to the guiding principle that "[a] plea of guilty amounts to a waiver of all issues, including constitutional claims, that were or could have been raised in prior proceedings[,]" and refused to consider defendant's challenge to the denial of the motion to dismiss the indictment because he did not preserve the issue for appeal. Id. at 9-10 (quoting State v. Marolda, 394 N.J. Super. 430, 435 (App. Div. 2007)).

We also rejected defendant's argument that "he suffered a 'constructive denial of counsel' and ineffective assistance because counsel failed to file a motion to suppress the evidence seized" from two motor vehicles that allegedly

3

were searched before a warrant was obtained.  Id. at 18.  We concluded that the contention was belied by the record of the suppression hearing.  Id. at 19, 22.  In our discussion, we observed that "[a]lthough the trial judge denied [counsel's] request [for more time to locate the witnesses], . . . [the trial court] advised counsel he could renew the motion for a continuance and receive additional time to locate the witnesses if he presented more specific testimony from his investigator . . . ."  Id. at 21.

We also rejected defendant's related ineffective assistance of counsel ("IAC") argument that "trial counsel failed to subpoena two witnesses . . . to support a suppression motion" based on the search of the two vehicles.  Id. at 19.  After reviewing in detail the record of Roberts' attempts to contact the witnesses, we concluded,

> the record . . . shows that trial counsel attempted to secure the testimony of the witnesses described by defendant for the suppression hearing, that he requested additional time to speak to the one witness located to determine whether to subpoena him and recognized that, in light of the witness's unwillingness, a strategic decision was required as to whether to subpoena him.
>
> [Id. at 22.]

Because we concluded it was a "strategic decision," we found defendant's claim of IAC to be without merit.  Id. at 22-24.

A-0395-17T3

Defendant filed a PCR petition on September 2, 2016, claiming IAC. In his petition, defendant contended that Roberts failed to produce witnesses at the suppression hearing; did not move to reopen the suppression hearing to challenge the validity of the search warrants for the two vehicles; failed to preserve a right to challenge the denial of defendant's motion to dismiss the indictment; and did not challenge the sufficiency of the evidence relating to the charge of first-degree leader of a narcotics trafficking network.

Defendant submitted a certification in support of his petition in which he described what he understood to be the content of statements given to an investigator by the two witnesses that Roberts did not call at the suppression hearing. He also explained how he provided Roberts with his automobile toll records that contradicted the State's witnesses and which Roberts did not use at the hearing.

Defendant argued that by not calling the witnesses or obtaining certifications from them and moving to reopen the suppression hearing, or using the toll records, defendant was "deprived of a viable defense to the evidence illegally obtained without a search warrant." Defendant explained that Roberts' failure to do so led to his dissatisfaction with counsel and his hiring of Stewart.

A-0395-17T3

He also cited to Robert's being ineffective in pursuing the motion to dismiss the indictment.

Stewart also submitted a certification in support of defendant's petition. In his certification, Stewart advised that he became defendant's attorney on August 12, 2012, and at the time of the plea hearing, he and Roberts represented defendant together, although only Roberts appeared at the hearing. He described defendant's complaints about Roberts as set forth in defendant's certification and added an allegation that defendant did not raise concerning Roberts not visiting defendant in jail to discuss the case. Contrary to the record of the September 21, 2012 pre-trial conference, Stewart stated that when he entered the case, the trial court would not let him file any motions. Stewart contended that Roberts admitted that he "messed up" in not producing the witnesses at the suppression hearing and that Roberts did not "review the thousands of documents" Roberts obtained from the prosecutor through discovery.

In opposition to defendant's petition, the State filed the certification of Christine M. D'Elia, the assistant prosecutor responsible for defendant's prosecution. In her certification, D'Elia stated that at the time of defendant's plea, the State would not have agreed to a reservation of rights in defendant's plea agreement as to any issue other than the denial of his suppression motion.

6

She also stated that at the time of the scheduled trial, if defendant was convicted, he was facing a sentence of up to life in prison with a twenty-five year period of parole ineligibility on one of the charges and, in response to being "urged" by Stewart, she agreed to the plea arrangement that led to defendant's guilty plea.

After considering the parties' submissions and oral arguments, Judge Pedro J. Jimenez, Jr. denied defendant's petition by order dated August 22, 2017. In his accompanying comprehensive written decision, the judge compared the assertions defendant made in his earlier appeal and those argued in his PCR petition. He concluded that defendant's PCR claims about Roberts not calling the two witnesses or seeking to reopen the suppression hearing based upon their alleged anticipated testimony were precluded under Rule 3:22-5, which bars a petition for PCR when the merits of the petition have been previously adjudicated.

Judge Jimenez similarly found that defendant's claims relating to Roberts' failure to adequately pursue the motion to dismiss the indictment was also addressed in our earlier opinion and therefore procedurally barred on PCR. He also observed that, in any event, there was no proof that the State would have agreed to a conditional plea that preserved defendant's right to appeal the denial of that motion in light of D'Elia's certification.

7

Although Judge Jimenez concluded defendant's claims were procedurally barred, he addressed the merits of defendant's allegations of IAC. The judge concluded that defendant failed to establish a prima facie claim that Roberts committed any "serious error[]" when he made "a strategical decision" to not call the two "possibly unreliable witnesses" at the suppression hearing, which Stewart never attempted to cure if defendant truly viewed it as an error. Moreover, the judge concluded that even if errors were made, defendant also failed to establish that he would not have pled guilty absent counsel's alleged deficiencies.

In discussing the information filed in support of defendant's petition, Judge Jimenez observed that the only new evidence of alleged IAC by Roberts advanced by defendant since his appeal was Stewart's certification.[1] The judge concluded from the certification that Stewart was aware of the facts argued by defendant in support of his IAC claim in his earlier appeal and now again on PCR. He observed that despite that knowledge, Stewart never took any action

---

[1] We observe that on this appeal, defendant's appendix contains various documents relative to disciplinary matters involving Roberts. It does not appear from either defendant's or Stewart's certifications that the documents were filed with the PCR court. However, even if they were, we find them to be without any probative value as to defendant's contentions on PCR or in his present appeal.

A-0395-17T3

to remedy Roberts' alleged deficiencies, such as filing a motion to reopen the suppression hearing, but instead pursued negotiating a plea agreement for defendant. Judge Jimenez inferred that Stewart shared Roberts' view that the "two (2) witnesses were not credible enough to take the stand," and for that reason, "never petitioned the court to reopen the motion."

Under those circumstances, the judge concluded that Stewart's decision to not file any motions undermined defendant's argument that Roberts was ineffective or that defendant would not have pled guilty if the motion was made. Accordingly, the judge found that not only were defendant's PCR claims procedurally barred, defendant also failed to "present a prima facie case" of IAC. This appeal followed.

On appeal, defendant presents the following issue for our consideration:

> THE TRIAL COURT COMMITTED REVERSIBLE
> ERROR IN DENYING APPELLANT'S MOTION FOR
> POST CONVICTION RELIEF.

In support of his contention, defendant again argues that Roberts failed to call the two witnesses; failed to move to reopen the suppression hearing; failed to preserve defendant's right to appeal the denial of his motion to dismiss the indictment; and failed to challenge the sufficiency of the evidence supporting the leader of narcotics trafficking charge.

9

We are not persuaded by any of these arguments and affirm substantially for the reasons expressed by Judge Jimenez in his thorough decision. The underlying facts from the record were undisputed and the judge's legal conclusion about defendant's petition being procedurally barred under Rule 3:22-5 was legally correct.[2] See State v. McQuaid, 147 N.J. 464, 483-84 (1997).

We also agree with Judge Jimenez that, even if defendant's claims were not procedurally barred, he failed to satisfy either prong under Strickland v. Washington, 466 U.S. 668, 687 (1984). The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland and adopted by our Supreme Court in State v. Fritz, l05 N.J. 42, 49 (l987). In order to prevail on a claim of ineffective assistance of counsel, defendant must establish both that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not

---

[2] We view defendant's allegation that Roberts failed to utilize EZ Pass violation records to show the duration of the search of the two vehicles lasted longer than the State's investigation suggested to be subsumed by his contentions on direct appeal and therefore also procedurally barred under the same rule. To the extent the claim was not raised on direct appeal, it is procedurally barred under Rule 3:22-4 because "that the ground for relief[, which was] not previously asserted could . . . have been raised in" his direct appeal, R. 3:22-4(a), and defendant cannot demonstrate that a failure to use the records "played a role in the determination of guilt." State v. Brewster, 429 N.J. Super. 387, 400-01 (App. Div. 2013) (quoting State v. Nash, 212 N.J. 518, 546 (2013)).

functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

The Strickland two-prong analysis applies equally to convictions after a trial or after a defendant pleads guilty. In the context of a PCR petition challenging a guilty plea, the first Strickland prong is satisfied when a defendant establishes that "there is a reasonable probability that, but for counsel's errors [he or she] would not have pled guilty and would have insisted on going to trial." State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)). The second prong is met when a defendant establishes a reasonable probability he or she would have insisted on going to trial. Ibid.

We agree that defendant failed to establish that Roberts' performance was deficient and that he committed any egregious errors. Even if he did, we also conclude that defendant did not make a prima facie showing that, but for counsel's errors, he would not have pled guilty. The record clearly indicates that, despite the State's evidence against defendant, Stewart was able to negotiate a favorable plea for defendant. Specifically, under N.J.S.A. 2C:35-3,

if convicted, defendant was facing a mandatory sentence of life imprisonment with twenty-five years of parole ineligibility. Only through a plea agreement could the mandatory sentence be waived. See N.J.S.A. 2C:35-12. Therefore, defendant's ability to plead guilty and to be sentenced to thirty years with fifteen years of parole ineligibility was in all respects a highly beneficial result for defendant. Nothing in the record suggests that he would have preferred to go to trial and face the mandatory life sentence or that he would have chosen to do so but for Roberts' deficiencies.

Because we are satisfied that defendant failed to make a prima facie showing of ineffectiveness of counsel within the Strickland-Fritz test, we also find that Judge Jimenez correctly concluded that an evidentiary hearing was not warranted. See State v. Jones, 219 N.J. 298, 311 (2014).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0395-17T3